Paul B. Salvaty (State Bar No. 171507)
Email: psalvaty@cohen-williams.com
Marc S. Williams (State Bar No. 198913)
Email: mwilliams@cohen-williams.com
COHEN WILLIAMS LLP
724 South Spring Street, 9th Floor
Los Angeles, CA 90014
Telephone: (213) 232-5160
Facsimile: (213) 232-5167

Attorneys for PLAINTIFF
TROY TAYLOR

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY TAYLOR,<br><br>    Plaintiff,<br><br>    v.<br><br>ESPN INC., and XUAN THAI,<br><br>    Defendants. | Case No. 5:25-cv-06384-VKD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:  Hon. Virginia K. DeMarchi<br>Date:   October 28, 2025<br>Time:  1:30 p.m.<br>Place:  Videoconference only<br><br>Action Filed:  July 30, 2025<br>Trial Date:  Not set |

Pursuant to Civil Local Rule 16-9, Plaintiff Troy Taylor ("Plaintiff") and Defendants ESPN, Inc. and Xuan Thai ("Defendants") (together with Plaintiff, "the Parties") hereby submit the following Joint Case Management Conference Statement in advance of the Parties' Case Management Conference set for October 28, 2025.

### 1. Jurisdiction and Service

This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). Plaintiff *Troy Taylor* is a citizen of California; Defendant *ESPN Inc.* is a Delaware corporation with its principal place of business in Connecticut; and Defendant *Xuan Thai* is a citizen of Florida. The amount in controversy exceeds $75,000. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this District, and Plaintiff alleges to have suffered reputational and economic harm in this District. All parties have been served, and all have consented to magistrate jurisdiction. There are no anticipated jurisdictional, venue, or service disputes.

### 2. Facts

Plaintiff Troy Taylor is the former Head Football Coach at Stanford University. Taylor brings a single claim for defamation against ESPN and reporter Xuan Thai. The action arises from a series of ESPN articles and social-media posts published in March and April 2025 reporting on two investigations by Stanford University into alleged workplace misconduct during Taylor's tenure. Plaintiff alleges that ESPN's reports contained false and defamatory statements; specifically, two separate workplace investigations had "found" that Taylor "bullied and belittled" female Stanford athletics staffers, that "the investigations began after multiple employees filed complaints against Taylor for what they called hostile and aggressive behavior, as well as personal attacks," and that "[b]oth investigations determined that Taylor's treatment of employees, particularly of women, was inconsistent with Stanford's standards. Plaintiff further contends Defendants knew their statements about Taylor were false, had no basis to believe in their truth, acted in reckless disregard and/or had serious doubts about the truth of their statements, and made the statements with actual malice.

Defendants dispute these allegations and maintain that the reporting was true or substantially true, and protected by the First Amendment. Defendants further assert that Plaintiff, as a prominent collegiate football head coach, is a limited-purpose public figure and has not (and cannot) plausibly allege actual malice.

Defendants filed two motions to dismiss the Complaint on the basis of pleading deficiencies: (1) a motion to dismiss under Rule 12(b)(6); and (2) a special motion to strike under California's anti-SLAPP statute. Defendants maintain that the investigative reports show that the Complaint lacks merit on its face. If the Court denies both motions and the case proceeds, the principal factual issues will include: (1) whether the statements were materially false; (2) whether the publications conveyed actionable factual assertions; (3) Plaintiff's public figure status and applicable fault standard; (4) whether Defendants acted with the requisite degree of fault; and (5) the extent of any damages.

### 3. Legal Issues

Key legal issues include: (1) whether Defendants' statements were false and defamatory as to Plaintiff; (2) whether the statements are protected under the First Amendment; (3) whether Plaintiff is a public figure for purposes of the alleged controversy; (4) if so, whether Plaintiff can establish that Defendants acted with actual malice; (5) whether any privileges apply; (6) whether Plaintiff can establish causation and damages; and (7) whether Plaintiff's claim is barred by the First Amendment and/or California's anti-SLAPP statute (Cal. Civ. Proc. Code § 425.16).

### 4. Motions

Defendants filed the motions to dismiss and strike on October 3, 2025. Plaintiff's opposition to both motions is due November 3, 2025, and Defendants' reply is due November 19, 2025. The motions have been noticed before the Court for December 2, 2025, at 10 a.m. No other motions have been filed.

The parties each may file dispositive motions in the future.

1  **5.    Amendment of Pleadings:** No amendments are currently anticipated. Plaintiff proposes a deadline of 21 days after Defendants' motions are decided for any amendments or joinder of additional parties.

**6.    Evidence Preservation:** Counsel for both parties have reviewed the Northern District's Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and confirmed that both sides have taken reasonable steps to preserve relevant materials, including emails, text messages, article drafts, source communications, and related Stanford correspondence.  The Parties met and conferred on October 20, 2025, pursuant to Fed. R. Civ. P. 26(f) to discuss reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonable evident in this action.  The Parties have taken reasonable steps to preserve discoverable information in their possession, custody, or control.  The Parties will continue to discuss whether and to what extent additional steps may be necessary to ensure the preservation of relevant evidence.

**7.    Disclosures**

The Parties will exchange Rule 26(a)(1) initial disclosures by November 4, 2025. The parties do not anticipate issues regarding timing or scope.

**8.    Discovery**

The Parties generally agree that discovery should proceed in accordance with the Federal Rules of Civil Procedure.  With respect to the timing of discovery, Defendants' position is that apart from exchanging initial disclosures, discovery should not commence until after the Court rules on Defendants' motions to dismiss and strike.  Plaintiff's position is that discovery should proceed and that a stay of discovery is not appropriate nor warranted, particularly given Defendants' decision to attach documents to their pending motions that Plaintiff had not seen before initiating this lawsuit, as discussed below in connection with the "Scope of Anticipated Discovery and Discovery Plan."

- **Protective Order and Confidentiality Issues**:

The Parties believe that a protective order governing the use of confidential information is appropriate in this case.

- **Electronically Stored Information**:

The Parties believe an order regarding the discovery of electronically stored information based on the Northern District of California's model order, modified as necessary to account for the particular discovery concerns in this case, is appropriate.

- **Discovery Taken to Date**:

To date, no discovery has been exchanged between the Parties.

- **Scope of Anticipated Discovery and Discovery Plan**:

Plaintiff's Position: Plaintiff will seek discovery from Defendants to investigate his claims. Plaintiff anticipates seeking discovery concerning ESPN's editorial files, drafts, internal communications concerning the matters reported upon, identifies and credibility of sources, and Defendants' communications with third parties. Plaintiff's position is that discovery should proceed, at least on a limited basis, because Defendants' motion to dismiss under Rule 12(b)(6) and anti-SLAPP motion to strike rely on factual materials that go beyond the pleadings, including two internal reports conducted on behalf of Stanford University and leaked to Defendants and which Defendants contend support dismissal of Plaintiff's complaint at the pleading stage. However, Plaintiff did not have access to these reports before filing his lawsuit. In fact, Plaintiff requested copies of these reports before commencing litigation, and Defendants "respectfully declined," claiming that, "like many news organizations, as a matter of policy ESPN does not share unpublished information." *See* Complaint, p. 11, n. 2. Plaintiff will address the impact of these filings by Defendants on discovery when it responds to Defendants' pending motions.

Defendants' Position: To preserve the Parties' resources and further judicial economy, discovery should be stayed until the Court resolves Defendants' pending motions to dismiss and strike, which seek dismissal of Plaintiff's Complaint with prejudice. Like many defamation cases, this is a case that raises potentially dispositive threshold issues. Whether or not those issues prove to be dispositive requires no discovery to determine. Moreover, should there be discovery, Defendants will resist efforts to identify any confidential sources, under applicable reporters' privileges. That is yet another reason to

defer potentially needed to address such discovery disputes until after a ruling on the merits of the pending motions.

Plaintiff seems to be conflating his views on the merits of the pending motions with the issue of when discovery should commence.  With respect to Plaintiff's position on the merits, his defamation claim is based on the theory that the Articles inaccurately reported the findings of certain investigative reports.  As explained in Defendants' motion to dismiss, consideration of the at-issue investigative reports is proper at this stage because they are incorporated into the Complaint by reference.  And, Defendants maintain, those reports demonstrate that Plaintiff's defamation claims fail as a matter of law.  Whether or when Plaintiff obtained those reports has no bearing on that point, nor on when discovery should commence.

### 9. Class Action

Plaintiff does not seek class certification.

### 10. Related Cases

The parties are not aware of any related cases.

### 11. Relief

Plaintiff seeks special, general, and punitive damages, together with interests, costs, and other relief deemed proper.  Defendants seek dismissal with prejudice pursuant to Rule 12(b)(6) and recovery of fees and costs pursuant to Cal. Civ. Proc. Code § 425.16(c).

### 12. Settlement and ADR

Plaintiff is amenable to engaging in discussions about an efficient resolution if Defendants believe such discussions could be productive.  Defendants believe such discussions would not be productive given the important First Amendment questions they believe this case raises.  Plaintiff otherwise proposes that the Parties reconvene after determination of Defendants' motions to discuss potential ADR procedures and scheduling.

13.  **Other References**

The Parties agree that this matter is not suitable for reference to arbitration, a special master, or multi-district litigation.

14.  **Narrowing of Issues**

As discovery proceeds, the Parties anticipate there may be opportunities to narrow issues, and they will cooperate to narrow issues if possible.  At present, the Parties have conferred but have not identified any issues to narrow by agreement.

15.  **Scheduling**

The Parties propose the following deadlines.

| Event | Proposed Deadlines |
| :---: | :---: |
| Close of Fact Discovery | June 1, 2026 |
| Expert Witness Disclosures | June 22, 2026 |
| Rebuttal Expert Witness Disclosures | July 20, 2026 |
| Close of Expert Discovery | August 17, 2026 |
| Deadline to File Dispositive Motions and *Daubert* Motions | September 14, 2026 |
| Oppositions to Dispositive Motions and *Daubert* Motions | October 12, 2026 |
| Replies in Support of Dispositive Motions and *Daubert* Motions | November 2, 2026 |
| Hearing on Dispositive Motions | November 2026 [pending Court availability] |

| | |
|---|---|
| Pretrial Statements | January 11, 2027 |
| Motions in Limine | January 11, 2027 |
| Oppositions to Motions in Limine | January 25, 2027 |
| Pretrial Conference | February 15, 2027 [pending Court availability] |
| Trial Ready | March 22, 2027 |

### 16. Trial

Plaintiff demands a trial by jury and estimates that 5-7 trial days will be required.

### 17. Disclosure of Non-party Interested Entities or Persons

Defendants filed their Corporate Disclosure Statement pursuant to Fed. R. Civ. P. 7.1 and Certification of Interested Entities or Persons pursuant on Civil Local Rule 3-15. Defendant ESPN, Inc. certifies that ESPN, Inc.'s two ultimate parent companies are The Walt Disney Company, which is publicly traded, and The Hearst Company, which is privately held. Defendants certify that other than the named parties and entities disclosed, there is no other interest to report pursuant to Civil Local Rule 3-15.

### 18. Professional Conduct

All counsel of record have reviewed and will comply with the Guidelines for Professional Conduct for the Northern District of California.

### 19. Other Matters

None at this time.

Dated: October 21, 2025     **COHEN WILLIAMS LLP**

By:     */s/ Paul B. Salvaty*
      Paul B. Salvaty
      Marc S. Williams

*Attorneys for Plaintiff Troy Taylor*

Dated: October 21, 2025     **DAVIS WRIGHT TREMAINE LLP**

By:     */s/ Sarah E. Burns*
      Nathan Siegel (*pro hac vice*)
      Cydney Swofford Freeman
      Sarah E. Burns

*Attorneys for Defendants ESPN, Inc. and Xuan Thai*

**FILER'S ATTESTATION**

I, Paul B. Salvaty, am the ECF user whose identification and password are being used to file this stipulation on behalf of the parties. In compliance with Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of the document has been obtained from each of the other signatories.

DATED: October 21, 2025

                                               */s/ Paul B. Salvaty*
                                               Paul B. Salvaty

                                               *Attorneys for Plaintiff Troy Taylor*